UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS(AJWx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS; ET AL. v. WORLD CAPITAL FINANCIAL; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Francisco Aldana | Nafia Cekirage | |

**Proceedings:** **DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF THE COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** (filed 01/21/09)

## I.    INTRODUCTION

On March 20, 2008, plaintiffs Mercedes de Los Santos, Jesus Lomeli, and Rosario Lomeli filed suit against defendants World Capital Financial; WMC Mortgage Corp.; Countrywide Home Loans ("Countrywide"); Option One Mortgage; People's Choice Home Loan, Inc.; FCI; Rebeka Racibi; Escrow Land, Inc.; California Financial Group; West Escrow Inc.; Pablo Villalta; Hector Lopez; and Does 1 through 20, inclusive, in Los Angeles County Superior Court alleging claims for (1) violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*; (3) fraud; (4) predatory lending practices; (5) breach of fiduciary duty; (6) negligence; (7) civil conspiracy; and (8) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 *et seq.* On July 23, 2008, defendants removed the action to this Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

On January 21, 2009, defendant Countrywide filed the instant motion to dismiss plaintiffs' complaint or, in the alternative, to strike portions of the complaint or, in the alternative for a more definite statement. On February 27, 2009, plaintiffs filed their opposition. On March 2, 2009, defendant filed its reply. A hearing was held on March 9, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS(AJWx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS; ET AL. v. WORLD CAPITAL FINANCIAL; ET AL. | | |

**II.    BACKGROUND**

Plaintiffs allege that they do not speak English very well and that defendants and their agents sold them loan products while misrepresenting the nature of those products. Compl. ¶ 19. Santos alleges that she owns property located at 13531 Wentworth St., Arleta, California. Id. ¶ 5. Santos further alleges that the property secures a mortgage that was brokered by Pacific Bancorp, Inc. and originated by one of the "Lender Defendants."[1] Id. ¶¶ 1, 21. Santos does not set forth the terms of her loan, but alleges that it "had a prepayment penalty and a higher interest rate [than her previous loan] and an ARM" and that it "cost her $27,000 to receive $24,000 from a complete refinance." Id. ¶¶ 58-59. Santos further alleges that she "never saw nor was given a copy of her closing documents or any disclosures." Id. ¶ 51. Santos alleges that Countrywide "procured" her loan from "other defendants," but does not identify when this allegedly occurred. Id. ¶ 60. Santos further alleges that defendant FCI is the current holder of her loan and that she sent a letter of rescission to Countrywide. Id. ¶ 61. Santos alleges that Countrywide initiated foreclosure proceedings against her by filing a Notice of Default. Id. ¶ 63. Santos further allege that Countrywide had knowledge of "how these loans are procured." Id. ¶¶ 1(a), 60.

Jesus and Rosario Lomeli ("The Lomelis") allege that in August 2005, they obtained a mortgage from defendant People's Choice Home Loan secured by their property located at 11011 De Foe Ave., Pacoima, California. Id. ¶¶ 43-44. The loan was allegedly brokered by defendants Pablo Villalta, World Capital Financial, and California Financial Group and is currently held by FCI. Id. ¶¶ 1, 11, 47.

**III.   LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

---

[1] Plaintiffs define the "Lender Defendants" as WMC Mortgage Corporation, Option One Mortgage, and People's Choice Home Loan. Compl. ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS(AJWx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS; ET AL. v. WORLD CAPITAL FINANCIAL; ET AL. | | |

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS(AJWx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS; ET AL. v. WORLD CAPITAL FINANCIAL; ET AL. | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV.   DISCUSSION**

   **A.   The Lomelis' Claims**

   Defendant argues that insofar as the Lomelis assert claims against Countrywide, those claims should be dismissed because they do not allege that defendant had any involvement in their loan transaction. Mot. at 5. Defendant contends that the Lomelis "do not and cannot allege that they had any contact with anyone from [defendant] that [defendant] made any representations to the Lomelis, or that [defendant] owed or breached any duty to the Lomelis." Id.

   The Lomelis respond by "respectfully requesting leave to amend to add allegations against Countrywide and Citibank as it has recently been disclosed that Citibank may also have played a part in the wrongs caused to plaintiffs." Opp'n at 2.

   The Court concludes that the Lomelis' claims against defendant should be dismissed with leave to amend because they do not allege that defendant was involved in their loan transaction.

   **B.   Santos' Claims**

      **1.   TILA Claims**

   Defendant argues that it is exempt from liability under TILA because it is a servicer of the loan and it did not own the loan at any point in time. Mot. at 5-6 (citing 15 U.S.C. § 1641(f) ("A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation."). Defendant contends that plaintiff alleges that FCI owns the loan and that her TILA claims against it should therefore be dismissed. Id. at 6 (citing Marks v. Ocwen Loan Servicing, 2008 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS(AJWx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS; ET AL. v. WORLD CAPITAL FINANCIAL; ET AL. | | |

344210 (N.D. Cal. Feb. 6, 2008)).

     Plaintiff responds that she has alleged that defendant is more than "merely a servicer" of her loan because she alleged that defendant "was a bank who purchased her loan." Opp'n at 3.

     Pursuant to TILA, "[a] servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f); <u>Marks v. Ocwen Loan Servicing</u>, 2008 WL 344210 (N.D. Cal. Feb. 6, 2008).

     The Court concludes that plaintiff's eighth claim for violations of TILA should be dismissed because plaintiff does not allege that defendant owns or owned her loan. Compl. ¶ 11 ("Defendant FCI, in its capacity as trustees for various trusts, is the current holder of the Plaintiff's and class members' loans"). Plaintiff has merely alleged that defendant attempted to foreclose on her loan and refused to work out a loan modification with her.[2] Compl. ¶¶ 42, 62. These allegations are insufficient to state a claim under TILA against defendant, who was merely a servicer of plaintiff's loan. 15 U.S.C. § 1641(f); <u>Marks v. Ocwen Loan Servicing</u>, 2008 WL 344210, at *2 (N.D. Cal. Feb. 6, 2008) ("Although TILA provides that assignees of a loan may be liable for TILA violations, loan servicers are not liable under TILA as assignees unless the loan servicer owned the loan obligation at some point.").

       **2.**      **Predatory Lending Claim**

     Defendant argues that plaintiff has not stated a predatory lending claim against it because she does not allege that her loan was a "covered loan" or that defendant engaged in any of the acts prohibited by Cal. Fin. Code § 4973. Mot. at 10. Defendant further argues that plaintiff does not state facts establishing that defendant violated any predatory lending statute.

---

     [2] Plaintiff alleges that "[t]hese loans are then sold to banks such as defendant COUNTRYWIDE, who have knowledge of how these loans are procured." However, plaintiff's complaint contains no allegations that Countrywide owned her loan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS(AJWx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS; ET AL. v. WORLD CAPITAL FINANCIAL; ET AL. | | |

Plaintiff responds by requesting leave to amend her predatory lending claims. Opp'n at 4.

California's predatory lending laws prohibit specific acts in connection with "covered loans." Cal. Fin. Code § 4973. A "covered loan" is a consumer loan with an original principal balance of less than $250,000, which has (1) a certain specified minimum interest rate, or (2) total points and fees payable by the consumer at or before closing in excess of six percent of the total loan amount. Cal Fin. Code § 4970(b).

The Court concludes that plaintiff's fourth claim for predatory lending should be dismissed because plaintiff does not allege that her loan is covered under California's predatory lending laws. Cal. Fin. Code § 4973.

### 3. Breach of Fiduciary Duty Claim

Defendant argues that plaintiff has failed to state a claim for breach of fiduciary duty because she does not allege facts that establish a fiduciary relationship between herself and defendant. Mot. at 10 (citing Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2004)). Defendant contends that, as plaintiff's loan servicer, it does not owe plaintiff a fiduciary duty as a matter of law. Id. (citing Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989)).

Plaintiff responds that she has alleged sufficient facts to state a claim for breach of fiduciary duty against defendant, but "wishes leave to amend in order to more clearly state such facts." Opp'n at 4.

To state a claim for breach of fiduciary duty, plaintiff must allege "the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." Pierce v. Lyman, 1 Cal. App. 4th 1093, 1101 (1991).

The Court concludes that plaintiff's fifth claim for breach of fiduciary duty should be dismissed. Plaintiff has failed to demonstrate that defendant, as servicer of her loan, owed a fiduciary duty to her. Price, 213 Cal. App. 3d at 476 ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS(AJWx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS; ET AL. v. WORLD CAPITAL FINANCIAL; ET AL. | | |

### 4. Negligence Claim

Defendant argues that its involvement in plaintiff's loan transaction was limited to its role as loan servicer. Therefore, defendant contends, it owed plaintiff no duty of care because it did not "actively participate in the financed enterprise beyond the domain of the usual money lender." Mot. at 11 (quoting Wagner v. Benson, 101 Cal. App. 3d 27, 35 (1980)).

Plaintiff responds that defendant owes her a duty because she "alleges that [defendant] participated in an enterprise more than a mere lender." Opp'n at 4. Plaintiff argues that she has alleged that "defendant conspired to lend money to unwary consumers and that these loans were predatory." Id. Plaintiff argues that ths is sufficient to state a claim for negligence, but that she "[n]onetheless . . . wishes this Court grant leave to amend." Id.

To establish a claim for negligence, a plaintiff must first establish the existence of a duty of care. Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095 (1991).

The Court concludes that plaintiff's sixth claim for negligence should be dismissed because plaintiff has failed to demonstrate that defendant owed her a duty of care. Plaintiff's allegations do not suggest that defendant "actively participate in the financed enterprise beyond the domain of the usual money lender." Wagner, 101 Cal. App. 3d at 35.

### 5. Civil Conspiracy Claim

Defendant argues that civil conspiracy is not an independent tort. Mot. at 11 (citing Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994)). Defendant contends that plaintiff's civil conspiracy claim must fail because plaintiff has not alleged that it agreed with other defendants to commit a tortious act. Id. at 12 (citing Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1582 (1995)). Defendant argues that plaintiff's allegation that it "procured the loan from other defendants with knowledge of the deceptive practices which co-defendants engage in" is insufficient. Id. Defendant contends that plaintiff does not, and cannot, allege that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS(AJWx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS; ET AL. v. WORLD CAPITAL FINANCIAL; ET AL. | | |

intended to aid in a purported scheme to engage in "predatory and deceptive lending practices" to take advantage of plaintiff. Id.

Civil conspiracy is a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equipment, 7 Cal.4th at 510-511. The conspirators must "agree to do some act which is classified as a 'civil wrong' . . . [and] must have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." Kidron, 40 Cal. App. 4th at 1582.

The Court concludes that plaintiff's claim for civil conspiracy should be dismissed. A civil conspiracy is not actionable "unless a wrongful act was committed with resulting damage." 6 Witkin, Summary of California Law, Torts § 46. Because plaintiff's other claims fail, there is no wrongful act to support her civil conspiracy claim. Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 511 (1994). Furthermore, plaintiff has not alleged that defendant agreed with other defendants to commit a tortious act. Kidron, 40 Cal. App. 4th at 1582.

### 6. Consumer Legal Remedies Act

Defendant argues that plaintiff does not identify any provision of the CLRA that it allegedly violated. Mot. at 13. Defendant further argues that none of the facts alleged by plaintiff suggest a violation of the CLRA. Defendant contends that plaintiff's only allegation in support of her CLRA claim is that "the aforementioned loan-refinance-foreclosure scheme services constitute a good or service within the meaning of Civil Code Section 1750 et seq. (CLRA) and the defendants' aforementioned conduct constitute [sic] ongoing violations of the CLRA." Id. (citing Compl. ¶ 71). Defendant argues that plaintiff "has not alleged that it agreed to participate in or contributed to any such 'scheme.'" Id.

Plaintiff responds that she has alleged sufficient facts to state a claim for violation of the CLRA, but "wishes to file an amended complaint to clarify these issues."

The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with "the sale or lease of goods or services to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS(AJWx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS; ET AL. v. WORLD CAPITAL FINANCIAL; ET AL. | | |

any consumer.  Cal. Civ. Code § 1770(a).

The Court concludes that plaintiff's second claim for violation of the CLRA should be dismissed because she does not identify which provision of the CLRA that defendant allegedly violated.  Furthermore, none of the facts alleged by plaintiff support a finding of a CLRA violation.  See Cal. Civ. Code § 1750 *et seq.*

### 7. Cal Bus. & Prof. Code § 17200

Defendant argues that plaintiff lacks standing to bring a claim pursuant to Cal. Bus. & Prof. Code § 17200 because "she does not properly allege that she has suffered a loss of money or property as a result of CHL's alleged conduct."  Mot. at 14.  Defendant contends that plaintiff does not allege (1) that she lost money as a result of the foreclosure because she does not allege that her loan payments were current or that she had tendered the full amount owing on the loan; (2) that she lost money or property as a result of defendant's alleged failure to provide foreclosure prevention counseling; or (3) that she lost money or property as a result of the alleged TILA violation because defendant is not subject to liability under TILA.  Id.

Alternatively, defendant argues that if the Court does not dismiss plaintiff's §17200 claim, the Court should strike plaintiff's request for damages and attorneys' fees in connection with her §17200 claim because §17200 does not allow for damages.  Opp'n at 14-15 (citing Cal. Bus. & Prof. Code §17203; Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 179 (1999)).

To state a claim for unfair competition pursuant to Cal. Bus. & Prof. Code §17200, a plaintiff must allege that a defendant engaged in "unlawful, unfair, or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  "Unlawful," as used in § 17200, means "any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court made."  Olsen v. Breeze, Inc., 48 Cal. App. 4th 608, 617-618 (1996).  "Unfair," as used in § 17200, means "any practice whose harm to the victim outweighs its benefits."  Id. at 618.  "Fraudulent," as used in § 17200, "does not refer to the common law tort of fraud but only requires a showing members of the public 'are likely to be deceived.'"  Id.  To have standing to bring suit pursuant to §17200, a plaintiff must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS(AJWx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS; ET AL. v. WORLD CAPITAL FINANCIAL; ET AL. | | |

"make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition." Peterson v. Cellco Partnership, 164 Cal. App. 4th 1583, 1590 (2008).

The Court concludes that plaintiff's first claim pursuant to Cal. Bus. & Prof. Code § 17200 should be dismissed because plaintiff has not alleged that she lost money or property as a result of defendant's conduct. Peterson v. Cellco Partnership, 164 Cal. App. 4th 1583, 1590 (2008); Cal. Bus & Prof. Code § 17204.

### C. Motion for a More Definite Statement

Defendant argues that if the Court denies its motion to dismiss, the Court should grant its motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) because it the complaint is so ambiguous that defendant cannot reasonably prepare a response. Mot. at 15.

Given the Court's resolution of defendant's motion to dismiss, the Court denies defendant's motion for a more definite statement.

### V. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendant's motion to dismiss plaintiff's claims. Plaintiff shall have twenty (20) days to file an amended complaint and may name Citibank as an additional defendant.

The Court further DENIES defendant's motion for a more definite statement.

IT IS SO ORDERED.

|   | 00 | : | 02 |
|---|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS(AJWx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS; ET AL. v. WORLD CAPITAL FINANCIAL; ET AL. | | |

Initials of Preparer        CMJ