UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

JS - 6

| Case No. | CV 08-4839 CAS (AJWx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS, ET AL. v. WORLD CAPITAL FINANCIAL, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers:) **DEFENDANT'S MOTION TO DISMISS** (filed 7/22/2011)

## I.    INTRODUCTION & BACKGROUND

On March 20, 2008, plaintiffs Mercedes de Los Santos ("Santos"), Jesus Lomeli and Rosario Lomeli (collectively the "Lomelis") filed a complaint in the Los Angeles County Superior Court against World Capital Financial ("WCF"); WMC Mortgage Corp. ("WMC"); Countywide Home Loans ("Countywide"); Option One Mortgage ("Option One"); F.C.I.; Rebeka Racibi ("Racibi"); Escrow Land, Inc. ("Escrow Land"); California Financial Group ("CFG"); West Escrow, Inc. ("West Escrow"); Pablo Villalta ("Villalta"); Hector Lopez ("Lopez"); and Does 1–20.

Because the original complaint asserted violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, et seq., defendants removed to this Court on July 23, 2008 based on federal question jurisdiction.

On December 20, 2010, plaintiffs filed their Fourth Amended Complaint ("FAC") against WCF; Global Financial Funding ("Global Financial"); Countywide; Citibank; Bank of America ("BOA"); F.C.I.; Racibi; Pacific Bank Corp. ("PBC"); CFG; Villalta; Lopez; and DOES 1–20.  The FAC alleges or seeks: (1) violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq.; (2) predatory lending; (3) breach of fiduciary duty; (4) negligence; (5) quiet title; (6) wrongful foreclosure; (7) to set aside trustees sale; (8) cancellation of trustee's deed; (9) violation of California Civil Code § 2923.5(a); and (10) violation of California Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS (AJWx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS, ET AL. v. WORLD CAPITAL FINANCIAL, ET AL. | | |

Code § 2923.6.

The crux of plaintiffs' claims is that defendants target "unsophisticated, non-native English-language challenged Hispanic homeowners" to generate business. FAC ¶ 12. The defendants allegedly defraud these consumers by providing unfair mortgage loan terms without fully disclosing and/or misrepresenting the loan terms. Id. ¶ 31–34.

On June 15, 2011, BOA was dismissed from this action. Dkt. No. 100. On June 16, 2011, F.C.I. was dismissed. Dkt. No. 102. On June 17, 2011, Racibi was dismissed. Dkt. No. 104. On July 22, 2011, defendant WCF filed its motion to dismiss the FAC, or in the alternative to strike portions of the complaint, or in the alternative for a more definite statement. Dkt. No. 107. On August 26, 2011, plaintiffs filed their opposition. Dkt. No. 109. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

### III.   LEGAL STANDARD

####    A.   Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000). If jurisdiction is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS (AJWx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS, ET AL. v. WORLD CAPITAL FINANCIAL, ET AL. | | |

based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9–10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27–28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003). A claim supported by alternate theories is not sufficient for federal question jurisdiction unless federal law is essential to *each* of those theories. Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 810 (1988) (holding that a "claim supported by alternate theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of these theories.") Thus, where alternative state law theories exist for each claim, there is no federal question jurisdiction. Duncan v. Stuetzle, 76 F.3d 1480, 1486 (9th Cir. 1996) (noting that "if a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper") (following Christianson, 486 U.S. at 810).

## IV.   DISCUSSION

Pursuant to Fed. R. Civ. P. 12(b)(1), WCF argues this Court has no federal question subject matter jurisdiction and, thus, must dismiss the FAC. Mot. at 2. WCF notes that plaintiffs' federal law claims, as asserted in the Complaint and prior Amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS (AJWx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS, ET AL. v. WORLD CAPITAL FINANCIAL, ET AL. | | |

Complaints, were previously dismissed by this Court, and that no newly alleged claims arise under federal law. Id. at 11.

Plaintiffs' opposition simply contends that defendant is "impermissibly re-litigating these matters" because the Court already denied defendant's previous motions to dismiss plaintiffs' state law claims. Opp'n at 2.

The Court finds that the allegations set forth in the FAC deprive it of subject-matter jurisdiction. Although plaintiffs' UCL claim is predicated, in part, on alleged vilations of federal law (such as TILA, Reg. Z, RESPA, federal credit repair laws, and the FDCPA), the UCL claim is also predicated on alleged violations of state law including violations of California Foreclosures Laws, California credit repair laws, California fair debt collection laws and state notary laws. FAC ¶¶ 84, 86, 89.

Thus, because plaintiffs' UCL claim is supported by state law theories, federal question jurisdiction does not exist. See Christianson, 486 U.S. at 810 (holding that a claim supported by state and federal law theories may not form the basis for federal question jurisdiction unless federal law is "essential" to each theory); Duncan, 76 F.3d at 1486 (noting that "if a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper") (following the reasoning of Christianson).

None of the plaintiffs' remaining nine claims is premised on, or even supported by, allegations of violations of federal law. Thus, the Court declines to exercise supplemental jurisdiction over plaintiff's common law and state law claims. 28 U.S.C. § 1367; see Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367–68 (9th Cir. 1992) ("When federal claims are dismissed before trial . . . pendant state claims also should be dismissed.") (quoting Jones v. Cmty. Redev. Agency, 733 F.2d 646, 651 (9th Cir. 1984) (alterations in original); Scholar v. Pac. Bell, 963 F.2d 264, 268 n.4 (9th Cir. 1992) (same); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed.").

## IV. CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4839 CAS (AJWx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | MERCEDES DE LOS SANTOS, ET AL. v. WORLD CAPITAL FINANCIAL, ET AL. | | |

In accordance with the foregoing, the Court GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Dismissal is without prejudice to afford plaintiffs an opportunity to reassert their state law claims in state court.

IT IS SO ORDERED.

:

Initials of Preparer